UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RHYIAN SZPILA,                              )
   Plaintiff,                                 )
                                            )
vs.                                         )    Case No. 22-2026
                                            )
JEROME COMBS DETENTION CENTER, )
   Defendants                                 )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at the Jerome Combs Detention Center on January 15, 2022. The Plaintiff has named the jail as the only Defendant.

Plaintiff says a correctional officer was handing out prescribed medications. Plaintiff says he typically takes medication for bipolar disorder, anxiety, depression, and sleep. Plaintiff immediately confronted the officer and told him it was illegal for him to hand out medications. He also asked what medication has been provided for him, and the officer said he did not know.

Plaintiff took the provided pills. Plaintiff does not allege he was provided the wrong medication, but says "who knows what could have happened if he was to give me the wrong meds?" (Comp, p. 5). In response to his grievance, Plaintiff was advised the medication was "prepackaged by the nurse." (Comp., p 6). Nonetheless, Plaintiff says this is a violation of his constitutional rights.

Plaintiff is mistaken. There is no requirement that a nurse dispense prescribed medication as long as the officer was providing the medication in accordance with a nurse or doctor's orders. *See i.e. Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 807 (7th Cir. 2000). Even a negligent act of failing to provide the correct medication on one occasion does not rise to the level of a constitutional violation. *See Collier v. Maassen*, 2019 WL 1229998, at *2 (W.D.Wis March 15, 2019)(one time mistake in dispensing wrong medication suggests negligence, not constitutional violation); *Morrison v. Utz*, 2012 WL 293548, at *2 (C.D.Ill. Jan. 31, 2012)("the temporary symptoms experienced by Plaintiff—intestinal problems, a headache, and heart fluttering—do not plausibly suggest that the mistaken medicine placed Plaintiff at a substantial risk of serious harm."); *Kirkwood v. Sirin*, 2006 WL 587698, at *3 (E.D.Wis. March 9, 2006)(claim that inmate was given the wrong pill on one day making him feel "drunk" and experiencing an elevated heart rate alleges nothing more than negligence).

Finally, Plaintiff cannot sue the Jerome Combs Detention Center because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker,* 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

Based on the dismissal of this lawsuit, Plaintiff has now earned his third strike pursuant to 28 U.S.C. Section 1915(g) which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. §1915(g).

Therefore, Plaintiff may not proceed *in forma pauperis* in any future lawsuit concerning his conditions of confinement unless he can demonstrate he is under imminent danger of serious physical injury at the time he files his complaint. In addition, in any future lawsuit, Plaintiff must either pay the filing fee in full, or clearly state he has earned three strikes pursuant to 28 U.S.C. §1915(g). Failure to provide this information will result in the immediate dismissal of his lawsuit.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [5]

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record the Plaintiff's strike in the three-strike log and note this is Plaintiff's third strike. *See also Szpila v. Elliot*, Case No. 21-2275 (Jan. 24, 2022 strike); *Szpila v. Elliot,* Case No. (April 7, 2022 strike).

**3) IN ANY FUTURE LITIGATION CONCERNING JAIL OR PRISON CONDITIONS, PLAINTIFF MUST EITHER PAY THE FILING FEE IN FULL OR CLEARLY STATE HE HAS EARNED THREE STRIKES PURSUANT TO 28 U.S.C. §1915(g). FAILURE TO PROVIDE THIS INFORMATION WILL RESULT IN THE IMMEDIATE DISMISSAL OF PLAINTIFF'S LAWSUIT**.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 18th day of April, 2022.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE